

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-25-2008

# In Re: Rollin Lee La

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2459

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Rollin Lee La " (2008). *2008 Decisions.* Paper 979.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/979

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-121                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2459
_____

IN RE: ROLLIN LEE LAUB,
                                    Petitioner

_____

On Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(D.C. Civ. No. 01-78-cv-00014)

_____

Submitted Under Rule 21, Fed. R. App. P.
May 30, 2008

Beforet:  SCIRICA, Chief Judge, ALDISERT and GARTH, Circuit Judges

(Filed:  June 25, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Rollin Lee Laub is a state prisoner currently incarcerated in Delaware.  On March

19, 2008 Laub filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(4)

seeking relief from the District Court's March 16, 2006 Order.[1]  Laub originally filed a

_____

[1] The order granted the State of Delaware's Motion For Relief From Consent
Decree.  The Consent Decree, entered on October 4, 1982, stemmed from a class action
law suit relating to prison conditions and disciplinary procedures at the Delaware
Correctional Center.

petition for a writ of mandamus requesting that this Court compel the District Court to rule on his motion. On May 28 the District Court order defendants to respond to Laub's 60(b)(4) motion and defendants filed a response on June 7. Because Laub has now received the relief he sought in filing his mandamus petition – action on his motion by the District Court – we will deny his mandamus petition as moot.[2] Laub, in his latest filing, requests that we vacate the District Court's March 16 order. Such a request is not proper for a mandamus petition. See In re Chambers Dev. Co. 148 F.3d 214, 226 ("mandamus is not a substitute for appeal and a writ of mandamus will not be granted if relief can be obtained by way of our appellate jurisdiction.")

Accordingly, we will deny the mandamus petition as moot.

---

[2] Laub also maintains that the District Court lacked jurisdiction to act while his mandamus petition was pending. We are aware of no authority that supports this contention.